■ In the Matter of MANUEL FURER, Petitioner, v THOMAS SOBOL, as Commissioner of Education, Respondent.—Mikoll, J. —Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which, *inter alia,* suspended petitioner's license to practice medicine in New York for two years.

Petitioner seeks to set aside respondent's order imposing penalties on his license and registration to practice medicine in New York. On July 7, 1989, petitioner admitted in a stipulation and order entered into with the Department of Health that he had failed to maintain a record of controlled substances that he had administered to himself in violation of Public Health Law article 33. Petitioner's license was suspended for two years, but execution of the suspension was stayed and he was placed on probation for two years which included terms for monitoring impaired physicians. Petitioner's application for reconsideration was also denied. This proceeding ensued.

At the hearing held January 18, 1990 it was disclosed by the testimony of Ralph Erle, petitioner's physician, that petitioner was taking Seconal over a three-year period, that the drug was a "schedule II" drug with a strong propensity to become habit forming, and that neither he nor the neurologist to whom he referred petitioner had prescribed the Seconal. Petitioner admitted to the Hearing Panel that he had dispensed the drugs to himself, that he failed to maintain records of controlled substances, that he had ceased dispensing drugs to himself after signing the stipulation and order with the Department of Health and that he was now only using controlled drugs as prescribed by Erle for his medical problem.

Petitioner urges that the imposition of probationary terms for impaired physicians upon him is arbitrary and capricious. Petitioner bases his argument on the fact that the allegations against him which he admitted did not include impairment due to drug use, but rather involved a mere technical oversight on his part in failing to keep appropriate records of drug dispensation. He further urges that denial of his motion for reconsideration was also arbitrary and capricious.

We disagree. Contrary to petitioner's contention, there is no necessity for a licensee to be charged with drug impairment in all instances to permit respondent to impose terms of probation which include verification of drug use. The record discloses that drug use and habitation was an issue in the proceeding. Petitioner was advised that respondent would be seeking a probationary term on standard conditions applied by the Board of Regents for impaired physicians. Underlying petitioner's failure to keep records was his use of serious drugs for a long period of time, prescribed by himself, without the knowledge of his treating physician. The record also discloses that petitioner is now using a drug prescribed by his physician to alleviate his physical conditions when necessary.

Despite all of this evidence in the record, petitioner failed to avail himself of the opportunity to support his present contention and one offered on the motion for reconsideration that he has undergone drug monitoring and was found to be drug free so that the imposition of a probationary term is contraindicated in that he is not drug impaired. The terms of probation imposed herein were within the scope of Education Law § 6511-a and were appropriate under the circumstances. Petitioner's reliance on *Matter of Krasowski v State Educ. Dept.* (132 AD2d 120, *appeal dismissed* 71 NY2d 890) is misplaced. Unlike here, in *Krasowski,* the imposition of conditions of probation was not within the range of rational conclusions that could be reached on the basis of the record.

The denial of the motion to reconsider was also appropriate. The evidence offered by petitioner was available to petitioner at the time of the original hearing and did not constitute new evidence which was not previously discoverable. The denial of the motion to reconsider was therefore not an abuse of discretion.

Weiss, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.